## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NANCY BRUKER,

        Plaintiff,

v.                                          Civ. No. 02-1630  JP/WDS

TOMMY MOSES, VARIOUS AGENTS,
EMPLOYEES, AND OFFICIALS OF THE BUREAU
OF INDIAN AFFAIRS AND OF THE UNITED STATES
DEPARTMENT OF THE INTERIOR, AND
THE UNITED STATES OF AMERICA,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

On May 27, 2003 Defendant United States of America filed a Motion to Dismiss Tort

Claims for Lack of Subject Matter Jurisdiction (Doc. No. 13), arguing that (1) Plaintiff's tort

claims are barred by the doctrine of sovereign immunity because they are premised on a battery

committed by Tommy Moses, and (2) the various agents, employees, and officials of the Bureau

of Indian Affairs and the United States Department of the Interior are improper Defendants in this

action.  Having considered the factual allegations and the relevant law, the Court concludes (1)

the various agents, employees, and officials of the Bureau of Indian Affairs and the United States

Department of the Interior should be dismissed as Defendants, and (2) Tommy Moses'

automobile accident should not be considered a battery as a matter of federal common law.

Hence Plaintiff's Federal Tort Claims Act (FTCA) claims are not barred by sovereign immunity.

*BACKGROUND*

The following facts are undisputed.  On September 4, 2001, at approximately 2:30 p.m., Nancy Bruker was driving a 1997 Dodge pick-up truck along Highway 66 in Gallup, New Mexico.  As Nancy Bruker drove by a Walgreens located at 1626 East Highway 66 in Gallup, Tommy Moses, who was driving a 2001 Jeep owned by the United States, pulled out from the Walgreens' parking lot and collided with the left front corner of her pick-up truck. When the accident occurred Tommy Moses was acting within the scope of his duties as an employee of the Bureau of Indian Affairs.  Although Tommy Moses was charged with operating the 2001 Jeep while intoxicated, that charge was dismissed as part of a plea bargain.

On September 28, 2001 Plaintiff filed a claim for damages with the regional safety manager of the Bureau of Indian Affairs, who denied her claim.  Plaintiff requested a reconsideration of the agency's decision to deny her claim, but that too was denied on September 30, 2002.  Plaintiff then filed this action under the FTCA.

*LEGAL STANDARD*

At common law sovereign immunity prevented the United States from being sued for any wrongful act committed by one of its employees.  In 1946, with the passage of the FTCA, Congress waived the United States' sovereign immunity with regard to any negligent act committed by a governmental employee.  Under the FTCA, the government is liable for the negligent acts of its employees "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346 (b)(1).  The limits of liability are determined "in accordance with the law of the

state where the alleged tortious activity took place." *Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993).

The waiver of sovereign immunity in the FTCA was limited, however, and did not encompass many intentional acts of governmental employees.  28 U.S.C. § 2680 (h).  Thus, for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," the government retained its sovereign immunity from suit.  *Id.*

The structure of the FTCA requires the Court to determine whether the United States has waived its sovereign immunity under the FTCA before liability is considered.  *Id.*  When construing an exception to the FTCA like § 2680 (h), the Court assumes that "Congress proceeded from an understanding of established tort definitions when enacting and amending the various sections of the FTCA, and consequently look to the traditional and commonly understood legal definition of the tort arguably excluded by § 2680 (h)."  *Id.* (internal quotations omitted).

*ANALYSIS*

Defendant asserts that when the FTCA was adopted, a battery described an act that "must be done for the purpose of causing the contact" with a person.  Restatement of Torts § 13 cmt. d (1934).  Defendant contends that a battery is not limited to the intent to cause an unwanted contact.  According to Defendant, the intent necessary to constitute a battery

> is broader than a desire to bring about physical results.  It must extend not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what he does. . . . The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it.  The practical application of this principle has meant that where a reasonable man in defendant's position would

3

believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even the court, as though he intended it.

Prosser, Law of Torts § 8 (1941).

Defendant argues that Tommy Moses' intoxication aggravated the chances that an automobile accident would occur, which removes his conduct from the realm of negligence. Defendant urges the Court to find that Tommy Moses' decision to drive in an intoxicated condition made it substantially certain that he would make an improper turn and hit Plaintiff's car, thereby battering Plaintiff as a matter of law.  Defendant's legal conclusion concerning drunk driving overreaches the traditional and commonly understood legal definition battery.

Defendant cannot cite to a single case which has held that an accident caused by an intoxicated driver is an intentional tort as a matter of law.  In an attempt to bolster its case, Defendant directs the Court to a New Mexico case that observed, in dicta, that "*under some facts a jury might infer injury or death to have been the 'substantially certain outcome' of an intoxicated individual's decision to operate a motor vehicle on a public highway.*" *California First Bank v. State*, 111 N.M. 64, 74 n.6, 801 P.2d 646, 656 n.6 (1990) (emphasis added).  Likewise, a later New Mexico appellate court opinion noted that "an allegation that a party is intentionally intoxicated and driving *could be* sufficient for battery because all that is necessary is the party's substantial certainty that a particular result would occur." *Blea v. City of Espanola*, 117 N.M. 217, 221, 870 P.2d 755, 758 (Ct. App. 1994) (reversing a 12(b)(6) dismissal)(emphasis added). While these cases indicate that under specific conditions an accident caused by a drunk driver in New Mexico *may* be considered an intentional battery, not a single published case has held that a particular instance of drunk driving was a battery.

Whether drunk driving should be considered a battery that falls within § 2680 (h) is a question of federal law.  As a question of federal common law, the Court does not look solely to New Mexico law, as it would to determine Defendant's liability, but rather to "the traditional and commonly understood legal definition of the tort arguably excluded by § 2680 (h)," *Franklin*, 992 F.2d at 1495.  To understand whether the traditional definition of battery includes drunk driving, a court should examine the national landscape of tort law, not just the law of an isolated state.

It is a telling fact that as a matter of federal common law there is no tradition of including drunk driving under the battery provision of § 2680 (h).  *See, e.g.*, *Kirchoffner v. United States*, 765 F. Supp. 598 (D.N.D. 1991); *Johnson v. United States*, 496 F. Supp. 597 (D. Mont. 1980); *Blackmon v. United States*, 130 F. Supp. 498 (S.D. Ala 1955).  From the briefs filed in this case is appears that New Mexico is the only state that potentially would consider drunk driving to rise to the level of a battery.  Other states consider driving while intoxicated to be a form of negligence. *E.g. D'Amario v. Ford Motor Co*., 806 So. 2d 424, 437-39 (Fla. 2002) ("[W]e cannot conclude that negligent conduct induced by the use of alcohol constitutes an independent intentional tort under our 'substantially certain' test for intentional torts.") ; *Feliks v. Majowski*, Civ. No. 184246, 1997 WL 33350578, *3  (Mich. App., April 18, 1997) ("An intoxicated driver poses a general risk that an injury may occur to somebody, somewhere, at sometime as a result of the drivers' erratic operation of the vehicle.  However, it is insufficient to establish an intentional tort."). Treatise material discussing the relationship between an automobile driver's intoxication and the harm inflicted on others in an automobile accident characterize drunk driving as falling "somewhat short of intent."  1 Dan B. Dobbs, The Law of Torts § 27 at 51-52 (2001) (Observing that "intentional risk-taking is not itself the basis for finding an intentional tort.  Nevertheless, it is a

cousin to the intentional tort even while it is at home in the negligence family."). After considering the landscape of tort law, the Court cannot conclude that drunk driving is an intentional battery as a matter of federal common law. *Franklin*, 992 F.2d at 1496 n.2 (declining to follow a recent development in tort law since the "governing construction of the FTCA" requires "adherence to the traditional definitions Congress presumably intended for terms borrowed from the common law"). Hence, § 2680 (h)'s retention of sovereign immunity for cases of battery does not apply here.

The Court is aware of the apparent incongruity this holding seems to create. For determining sovereign immunity Tommy Moses' conduct is negligent as a matter of federal law, whereas when determining liability under state law it is possible, in theory, that a jury could conclude that Tommy Moses acted intentionally. This anomaly arises in part because the cases cited by Defendant address the torts of state employees under New Mexico's Tort Claims Act (TCA). New Mexico cases addressing the immunity and liability of *state* actors are largely irrelevant to the FTCA. Unlike the state's TCA, the FTCA first addresses the sovereign immunity granted to *federal* employees, and second, if sovereign immunity does not apply, imposes liability equal to that of a *private* individual under state law.[1] Because New Mexico's law addressing state employees has a negligible impact on the issue of federal sovereign immunity, the apparent incongruity in how to characterize Tommy Moses' fault is illusory.

---

[1] Under New Mexico law a private individual driving a car while intoxicated is liable for the injuries the driver inflicts on others whether a jury found that the driver acted negligently or with the intent to cause the injury.

Defendant also argues that Plaintiff's Complaint improperly includes various agents, employees, and officials of the Bureau of Indian Affairs and the United States Department of the Interior as Defendants.  Plaintiff tacitly conceded the point by not briefing the matter.  Therefore these Defendants will be dismissed from this action.

IT IS THEREFORE ORDERED that:

(1)   the portion of Defendant United States of America's Motion to Dismiss Tort Claims for Lack of Subject Matter Jurisdiction (Doc. No. 13) that requests application of § 2680 (h) to Plaintiff's claims is DENIED; and

(2)   the portion of Defendant United States of America's Motion to Dismiss Tort Claims for Lack of Subject Matter Jurisdiction (Doc. No. 13) that seeks to dismiss the Defendants Various Agents, Employees, and Officials of the Bureau of Indian Affairs and the United States Department of the Interior is GRANTED.

_____

CHIEF UNITED STATES DISTRICT JUDGE

7